IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLIFFORD P. WHITE, III,

    Plaintiff,

    vs.

CIVIL ACTION
No. 10-3022-SAC

SHELTON RICHARDSON, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is a civil action filed by a Maryland state prisoner. Plaintiff was transferred from the physical custody of Maryland authorities to the Leavenworth, Kansas, detention center (LDC) operated by the Corrections Corporation of America (CCA). His claims arise from his placement in segregation after other Maryland inmates assaulted officers there.

In this order, the court considers the motion to dismiss of defendant J. Michael Stouffer (Doc. 25).

**Background**

Plaintiff is serving a Maryland state term of twelve years following convictions of robbery, robbery with a deadly weapon, other weapons charges, and first degree assault.

CCA is a private corporation that has a contractual

relationship with the United States Marshals Service (USMS) to house federal prisoners. On July 1, 2007, the Maryland Public Safety and Correctional Services (MDPSCS) entered into a contract, Intergovernmental Agreement ODT-1-8-0007, with the USMS.

In July 2008, the agreement was modified to allow Maryland authorities to transfer up to 48 state inmates to federal custody. Defendant Stouffer signed the modified agreement in his capacity as Commissioner of the MDPSCS. (Doc. 1, Ex. G.)

Under the agreement, the federal government may transfer a Maryland state prisoner between federal facilities, including CCA facilities, "when appropriate" and with proper notice to Maryland authorities. (Doc. 1, Ex. E, p. 5). While in such custody, a state inmate is subject to the federal government's rules and regulations, consistent with the sentence imposed, and with Maryland law, and the rules and regulations of the MDPSCS.

Plaintiff was relocated to the LDC pursuant to that agreement. In September 2008, he was placed in segregation due to his involvement in an assault. In October 2008, a number of Maryland inmates housed at the LDC were involved in violent attacks on staff that left two staff members with stab wounds. Thereafter, the Maryland inmates housed at the LDC were segregated from the general population. Plaintiff remained

2

segregated until May 2010, when he was returned to Maryland.

In this action, plaintiff alleges violations of his constitutional rights including improper, discriminatory placement in administrative segregation, extended placement in such segregation without meaningful review, and due process violations arising from his inability to be physically present for parole hearings and to receive certain good time credits due to his transfer from Maryland.

## Discussion

Defendant Stouffer moves for dismissal from this action on the grounds that the court lacks personal jurisdiction over him, that Maryland prison authorities had no responsibility for plaintiff's relocation to the LDC or any decisions made there, that plaintiff had no protected liberty interest in assignment to the general population at the LDC, and that he is entitled to qualified immunity.

*Personal Jurisdiction*

Defendant Stouffer first asserts he is not subject to personal jurisdiction in Kansas. He states the only contract entered by the MDPSCS was with the USMS. That contract allowed the USMS to place the Maryland inmates transferred to federal custody either in federal penal facilities or in facilities run by CCA. The contract does not specifically refer to the LDC or

3

any other facility in Kansas.

Defendant Stouffer points out that neither he nor the MDPSCS conducted business within Kansas and neither had direct transactions with the LDC. Rather, the MDPSCS contracted with the USMS, and the Department of Justice was responsible for the subsequent placement of Maryland inmates in the LDC.

The plaintiff has the burden of establishing that the court has personal jurisdiction over a defendant. *See, e.g., Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). Because defendant filed the motion to dismiss prior to filing an answer, the plaintiff must make only a prima facie showing of personal jurisdiction, and factual disputes at this stage are resolved in favor of the plaintiff. *Id*. at 1070.

In determining whether it has personal jurisdiction over a defendant, the court must examine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)(citation omitted).

The complaint identifies this matter as a civil rights complaint filed pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3). Because defendant Stouffer is a Maryland state official, the court construes the claims against

him as claims asserted under § 1983.

Section 1983 does not confer nationwide jurisdiction upon the federal district courts. *See Trujillo, id.* Therefore, the court must look to the laws of Kansas and must apply the state law that governs personal jurisdiction over a nonresident defendant. If the relevant state law provides for service of process, the court must consider whether that means of process comports with due process. *Composite Marine Propellers, Inc. v. VanDerWoude*, 741 F.Supp. 873, 876 (D. Kan. 1990).

In Kansas, the "long-arm" statute, Kansas Statutes Annotated (K.S.A.) 60-308, identifies the acts that bring a nonresident within the jurisdiction of the Kansas courts, at least for claims arising from the enumerated acts. The specified acts include: (1) the transaction of business within the state, (2) the commission of a tort within the state; (3) the ownership of real estate within the state; and (4) entering a contract with a Kansas resident. *See* K.S.A. 60-308(b)(1).

Likewise, personal jurisdiction over a nonresident defendant exists "for a cause of action which did not arise in this state if substantial, continuous and systematic contact with this state is established that would support jurisdiction consistent with the constitutions of the United States and of this state." K.S.A. 60-308(b)(2).

5

The Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent allowed by due process. *Finance & Marketing Assoc. v. The He-Ro Group, Inc.*, 975 F.Supp. 1429, 1431 (D. Kan. 1997)(citing *Federated Rural Elec. v. Kootenai Elec.*, 17 F.3d 1302, 1305 (10th Cir. 1994)). Personal jurisdiction comports with due process if the nonresident defendant has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)(quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

To subject a nonresident defendant to the specific jurisdiction of the forum state based upon the defendant's business contacts, due process requires the litigation must stem from claims that "arise out of or relate to" significant activities of the defendant purposefully directed at residents of the forum. *Burger King v. Rudzewicz,* 471 U.S. 462, 472 (1985).

Here, the record contains no allegations against defendant Stouffer that suggest any basis for the exercise of personal jurisdiction over him. A business transaction occurs when "'an individual is within or enters this state in person or by an agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his

economic conditions and satisfy his desires.'" *Finance and Marketing Ass'n Intern., Inc. v. He-Ro Group, Inc.*, 975 F.Supp. 1429, 1431 (D. Kan. 1997)(quoting *Woodring v. Hall*, 439 P.2d 135 (Kan. 1968)).

Here, the contract signed by defendant Stouffer was an agreement between the MDPSCS and the USMS, and not with any Kansas entity. Second, the contract did not specify that any part of its performance was to be in Kansas. Third, the placement of plaintiff in a CCA facility pursuant to a contract with the USMS was not done under the direction of defendant Stouffer, nor does it appear that defendant Stouffer or the MDPSCS had any involvement in the day-to-day management decisions concerning the plaintiff's incarceration in Kansas that gave rise to the claims in this action. Fourth, there is no showing of "substantial, continuous and systematic contact" by the defendant with this state; in fact, there is no evidence of any contact with this state by the defendant.

At most, plaintiff argues that personal jurisdiction over defendant Stouffer is proper because CCA provides him periodic reports and that the defendant was personally responsible for addressing the alleged violations of the contract. These assertions, however, are insufficient. First, while the agreement provides that the federal government shall provide the

7

MDPSCS with progress reports at least annually (Doc. 1, Ex. E, p. 6, ¶ F (2)), generally, letters and telephone contact are not sufficient to establish jurisdiction. *Finance and Marketing*, 975 F.Supp. at 1431 (citing *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995)). Second, there is no showing either that the defendant purposely availed himself of activity in this state, or that defendant had sufficient continuous and systematic contacts with the state that would allow the court to exercise personal jurisdiction.

## Conclusion

For the reasons set forth, the court concludes defendant Stouffer is not subject to personal jurisdiction in this matter. Therefore, the court does not reach his remaining arguments and offers no opinion on their merits.

IT IS, THEREFORE, BY THE COURT ORDERED the motion to dismiss of defendant Stouffer (Doc. 25) is granted. The claims as to defendant Stouffer are dismissed without prejudice for lack of personal jurisdiction.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 31st day of March, 2011.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        United States Senior District Judge